UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
U.S. SPECIALTY INSURANCE COMPANY,           Civil Action No.:

                     *Plaintiff*,           **COMPLAINT FOR**
                                                        **DECLARATORY JUDGMENT**

                - against -

ARCH SPECIALTY INSURANCE COMPANY,

                     *Defendant*.
-----------------------------------------------------------------X

      U.S. Specialty Insurance Company ("USSIC"), by and through its attorneys, Marshall Conway Bradley & Gollub, P.C., as and for its declaratory judgment complaint against defendant Arch Specialty Insurance Company ("Arch"), alleges, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

### Background

      1.     This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 concerning USSIC's claims for additional insured coverage for 159 Smith, LLC ("159 Smith") and Titan Realty & Construction, LLC ("Titan") under an insurance policy issued by Arch to Eddie's VIP Construction NY Corp. ("E-VIP") with respect to an underlying bodily injury lawsuit, pending in the Supreme Court of the State of New York, Kings County, under Index Number 500438/2017 and titled *Julio A. Panameno v. 159 Smith, LLC and Titan Realty & Construction, LLC v. Eddie's V.I.P. Construction NY Corp. v. Olst, Inc.*

      2.     Mr. Panameno alleges that he was injured on December 23, 2016 while working for Olst, Inc. ("Olst") at a project known as the Smith Street Mixed Use Building, located at 159 Smith Street, Brooklyn, New York ("SSMUB").

      3.     159 Smith hired Titan as the construction manager for the SSMUB. Titan hired E-

VIP pursuant to a Contract Purchase Order (the "E-VIP Purchase Order"), and E-VIP hired Olst pursuant to a Construction Subcontract, for the SSMUB.

4. An actual controversy exists between USSIC and Arch as to their rights and obligations under an insurance policy Arch issued to E-VIP.

5. This Court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §1332(a)(1), because this action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 2201 (a) to declare the rights and other legal relations of USSIC and Arch.

7. Venue is proper, under 28 U.S.C. §1391(b)(2), because a substantial part of the events or omissions giving rise to USSIC's claims occurred in this district, and under 28 U.S.C. § 1391(b)(3), because Arch is subject to jurisdiction in this district.

8. USSIC is entitled to a declaration that Arch must defend and indemnify 159 Smith and Titan in the *Panameno* action, on a primary and non-contributory basis, and pay 159 Smith and Titan's defense attorneys' fees, costs, and disbursements in the *Panameno* action.

## USSIC

9. USSIC is incorporated and exists under the laws of the State of Texas, with its principal place of business located at 13403 Northwest Freeway, Houston, Texas.

10. USSIC is authorized to conduct an insurance business in the State of New York.

11. USSIC issued policy number U16PC30062-00 to Titan, effective, April 9, 2016 through April 9, 2017 (the "USSIC Policy").

12. USSIC is defending Titan in the *Panameno* action, pursuant to the terms of the

USSIC Policy.

13. Colony Insurance Company tendered the defense and indemnity of 159 Smith in the *Panameno* action to USSIC.

14. USSIC accepted the tender and is providing 159 Smith a defense in the *Panameno* action, subject to a partial disclaimer, pursuant to the terms of the USSIC Policy.

**Arch**

15. Arch is a Missouri corporation, with its principal place of business at 2345 Grand Blvd, Suite 900, Kansas City, Missouri 64108.

16. Arch issued policy number AGL0037732-00, effective May 24, 2016 through May 24, 2017 (the "Arch Policy"), to E-VIP at 1702 Avenue Z, Brooklyn, New York.

17. 159 Smith and Titan are additional insureds under the Arch Policy, with respect to the *Panameno* action, pursuant to the terms of the E-VIP Purchase Order and the Arch Policy's *Blanket Additional Insured Endorsement* form.

18. The Arch Policy's *Commercial General Liability Coverage Form* states:

*   *   *   *

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

**************

> **7.    Separation Of Insureds**
>
> Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

      a. As if each Named Insured were the only Named Insured; and

      b. Separately to each insured against whom claim is made or "suit" is brought.

      \*  \*  \*  \*

19.  The Arch Policy's *New York Limitation Endorsement – Work Done On Your Behalf By Uninsured Or Underinsured Subcontractors* form (the "Underinsured Subcontractor Endorsement") states:

      \*  \*  \*  \*

**NEW YORK LIMITATION ENDORSEMENT – WORK DONE ON YOUR BEHALF BY UNINSURED OR UNDERINSURED SUBCONTRACTORS**

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**A.**  **Section IV – Commercial General Liability Conditions** is amended by the addition of the following conditions:

  1. You will obtain agreements, in writing, from all "subcontractors" for each and every job that you employ a "subcontractor", pursuant to which the "subcontractor(s)" will be required to defend, indemnify and hold you harmless, and any other Named Insured under this policy for whom the "subcontractor" is working, for any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out the work performed by the "subcontractor".

  **2.** Certificates of Insurance for Commercial General Liability coverage written on standard Insurance Services Office, Inc. (ISO) forms, or their equivalent, with limits equal to or greater than $1,000,000, will be obtained by you from all "subcontractors" prior to commencement of any work performed for any insured.

  **3.** You, and any other Named Insured under this policy for whom the "subcontractor" is working, will be named as additional insured on all of the "subcontractors" Commercial General Liability polic(ies). Each Certificate of Insurance referenced in Paragraph **2.** above will show this additional insured designation.

**B.** The following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability** and Paragraph **2. Exclusions of Section I – Coverage B -Personal And Advertising Liability :**

This insurance does not apply to any claim, "suit", demand or loss that alleges "bodily injury", including to to any "worker", "property damage" or "personal and advertising injury" that in any way, in whole or in part, arises out of, relates to or results from operations or work performed on your behalf by a "subcontractor", unless such "subcontractor":

  **1.** Has in force at the time of such injury or damage a Commercial General Liability insurance policy that:

    **a.** names you and any other Named Insured as an additional insured;

    **b.** provides an each-occurrence limit of liability equal to or greater than $1,000,000; and

    **c.** provides coverage for you for such claim, "suit", demand or loss; and

  **2.** Has agreed in writing to defend, indemnify and hold harmless you and any other Named Insured under the policy for any claim or "suit" for "bodily injury" to any "worker" arising out of the work performed by such subcontractor, to the fullest extent allowed by law.

**C.**  For the purposes of this endorsement only, "subcontractor" means any person or organization who is not an "employee" of an insured and does work or performs services for or on behalf of an insured.

**D.**  For the purposes of this endorsement only, "worker" means any "employee", "temporary worker", casual laborer, borrowed "employee", borrowed servant, independent contractor or "subcontractor" that performs work, whether directly or indirectly, for any of your subcontractors.

**E.**  This exclusion applies only to operations or work performed in the State of New York.

*   *   *   *

20.  E-VIP has fully complied with each of the conditions listed in Section A of the *Underinsured Subcontractor Endorsement* (the "Subcontractor Conditions").

21.  159 Smith and Titan, as additional insureds to the Arch Policy, are not subject to the *Subcontractor Conditions*.

22.  Arch disclaimed coverage for 159 Smith and Titan for the *Panameno* action, under the Arch Policy, pursuant to the *Subcontractor Conditions*.

23.  Arch's denial of coverage for 159 Smith and Titan for the *Panameno* action, under the Arch Policy, pursuant to the *Subcontractor Conditions,* is wrongful.

24.  159 Smith and Titan, as additional insureds to the Arch Policy, are not subject to the exclusion listed in Section B of the Arch Policy's *Underinsured Subcontractor Endorsement* (the "Subcontractor Exclusion"), with respect to the *Panameno* action.

25. Arch never disclaimed, or denied any request for, coverage for 159 Smith and/or Titan, under the Arch Policy, pursuant to the *Subcontractor Exclusion*, with respect to the *Panameno* action.

### FIRST CAUSE OF ACTION AGAINST ARCH
### DECLARATORY RELIEF - DUTY TO DEFEND

26. USSIC repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

27. Arch wrongfully denied additional insured coverage for 159 Smith and Titan for the *Panameno* action.

28. There is an actual and present controversy between USSIC and Arch concerning Arch's defense obligations under the Arch Policy to 159 Smith and Titan for the *Panameno* action.

29. USSIC requests a judicial declaration that Arch is obligated to defend 159 Smith and Titan against the *Panameno* action.

30. A judicial declaration of this issue is necessary and appropriate now to permit USSIC to determine Arch's legal obligations to 159 Smith and Titan.

### SECOND CAUSE OF ACTION AGAINST ARCH
### DECLARATORY RELIEF - DUTY TO INDEMNIFY

31. USSIC repeats and re-alleges the allegations set forth in paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. Arch wrongfully denied additional insured coverage for 159 Smith and Titan for the *Panameno* action.

33. There is an actual and present controversy between USSIC and Arch concerning Arch's obligations under the Arch Policy to indemnify 159 Smith and Titan in the *Panameno* action.

34. USSIC requests a judicial declaration that Arch is obligated under the Arch Policy to indemnify 159 Smith and Titan, on a primary and non-contributory basis, against liabilities, if any, incurred to other parties in the *Panameno* action.

35. A judicial declaration of this issue is necessary and appropriate at this time to permit USSIC to determine its legal rights and obligations.

### THIRD CAUSE OF ACTION AGAINST ARCH
### WAIVER AND ESTOPPEL

36. USSIC repeats and realleges the allegations of paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. Arch never disclaimed, or denied any request for, coverage for 159 Smith and/or Titan, under the Arch Policy, pursuant to the *Subcontractor Exclusion*, with respect to the *Panameno* action.

38. There is an actual and present controversy concerning Arch's failure to timely disclaim to 159 Smith and Titan, pursuant to Insurance Law § 3420(d)(2).

39. Arch is precluded, as a matter of law, from relying upon the Arch Policy's *Subcontractor Exclusion*, to deny coverage for 159 Smith and Titan under the Arch Policy, with respect to the *Panameno* action.

40. Due to the foregoing, the Arch Policy affords additional insured coverage to 159 Smith and Titan, with respect to the *Panameno* action, as a matter of law.

41. USSIC is entitled to a declaration that Arch must defend and indemnify 159 Smith and Titan in the *Panameno* action.

42. A judicial declaration of this issue is necessary and appropriate at this time to permit USSIC to determine its legal rights and obligations.

### FOURTH CAUSE OF ACTION AGAINST ARCH
### REIMBURSEMENT OF DEFENSE ATTORNEYS' FEES, COSTS, AND EXPENSES TO DEFEND 159 SMITH AND TITAN

43. USSIC repeats and realleges the allegations of paragraphs 1 through 42 of this Complaint, as if fully set forth herein.

44. There is an actual and present controversy concerning Arch's obligation to reimburse the attorneys' fees, costs, and disbursements made to defend 159 Smith and Titan which have heretofore been incurred by USSIC.

45. USSIC is entitled to a declaration that Arch must reimburse USSIC for 159 Smith's and Titan's defense attorneys' fees, costs, and disbursements, in the *Panameno* action.

46. USSIC requests judgment against Arch for the amount of the reasonable defense attorneys' fees, costs, and disbursements USSIC expended to defend 159 Smith and Titan in the *Panameno* action.

47. A judicial determination of this issue is necessary and appropriate now to determine Arch's legal rights and obligations to reimburse USSIC.

**WHEREFORE**, USSIC respectfully requests that this Court issue a declaratory judgment declaring the rights, duties, and obligations of USSIC and ARCH under the Arch Policy with respect to the *Panameno* action, and declaring that:

i. On the First Cause of Action against Arch, a declaration that Arch is obligated to

8

|     |     |
| --- | --- |
|     | defend 159 Smith and Titan in the *Panameno* action on a primary and non-contributory basis; |
| ii. | On the Second Cause of Action against Arch, a declaration that Arch is obligated to indemnify 159 Smith and Titan for damages with respect to the *Panameno* action on a primary and non-contributory basis; |
| iii. | On the Third Cause of Action against Arch, a declaration that Arch is estopped from disclaiming additional insured coverage and must defend and indemnify 159 Smith and Titan in the *Panameno* action on a primary and non-contributory basis; |
| iv. | On the Fourth Cause of Action against Arch, a judgment in favor of USSIC for reimbursement of all attorneys' fees, costs, and disbursements USSIC reasonably incurred in defending the *Panameno* Action; |
| v. | Granting USSIC such other and further relief as this Court may deem just, proper and equitable. |

## JURY DEMAND

USSIC demands trial by jury of all issues so triable in this cause.

Dated: New York, New York
October 3, 2023

                                           **MARSHALL CONWAY**
                                           **BRADLEY & GOLLUB, P.C.**

                                                   *D M*

                By:   Christopher T. Bradley (4725)
                        Dylan J. Murphy (3120)
                        *Attorneys for Plaintiff*
                        U.S. Specialty Insurance Company
                        45 Broadway, Suite 740
                        New York, New York 10006
                        (212) 619-4444
                        cbradley@mcwpc.com
                        dmurphy@mcwpc.com